IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALTER PAYTON,

        Plaintiff,

vs.                                               Case No. 20-3092-SAC

RICHARD BALLINGER,
RONALD S. TROLLOPE,
KIMBERLY T. PARKER, and
STATE OF KANSAS,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action seeking monetary damages under 42 U.S.C. § 1983 in connection with his state court prosecution and conviction for rape and statutory rape in 1998.[1] Plaintiff was sentenced to 712 months. Plaintiff is incarcerated by the Kansas Department of Corrections. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

---

[1] Plaintiff's conviction and sentence were affirmed on direct appeal. Plaintiff, without success, has filed numerous state and federal actions contesting his conviction. His litigation is recounted to some degree in Payton v. State of Kansas, 2012 WL 1352837 (Kan.App. 4/12/2012), Payton v. State of Kansas, 2014 WL 11398023 (D.Kan. 5/15/2014), and Payton v. State of Kansas, 2017 WL 6502766 (D.Kan. 4/21/2017) aff'd, 709 Fed.Appx. 514 (10th Cir. 2017) cert. denied 138 S.Ct. 1011 (2018). As noted in 2012 WL 1352837 at *1, plaintiff's prior litigation has included a motion for retesting of his DNA that was filed and denied in 2006, and a motion asserting entitlement to retesting of the DNA evidence in 2007. Id. at *2.

1

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant's conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a [pro se] plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions

alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

II. Complaint

Plaintiff alleges that defendant Ballinger was the state trial court judge in his prosecution, that defendant Trollope was a police detective, and that defendant Parker was the district attorney. Plaintiff alleges that DNA samples taken from plaintiff did not match DNA samples taken from the victim or from other evidence. He alleges that defendant Trollope committed perjury when testifying about a condom to discount this "exculpatory DNA." Doc. No. 1, p. 7. Plaintiff contends that defendant Parker "knew there was no rape after my DNA did not match samples taken from the victim." Id. at p. 8. He further asserts that defendant Parker violated plaintiff's rights by not calling doctors, nurses or a DNA analyst as witnesses. Id. Plaintiff also claims that Parker allowed perjured testimony from defendant Trollope.

Plaintiff claims that defendant Ballinger knew the DNA test was exculpatory, but did not acquit plaintiff and did not allow plaintiff to present expert witnesses "or allow [plaintiff] the opportunity to present a proper defense." Id. Plaintiff further asserts that the State of Kansas should not have allowed the

3

prosecution and did not follow state policy regarding the procedure for determining if a rape occurred.

On the basis of these allegations and because defendant Ballinger denied a motion for continuance of the trial, plaintiff contends that he was denied his Sixth Amendment right to effective representation. Plaintiff also asserts that his Fourteenth Amendment Equal Protection and Due Process rights were violated by defendants' actions.

Plaintiff seeks damages relief and new DNA testing.

III. Analysis

Plaintiff's complaint fails to state a claim for the following reasons. First, any alleged state law violation or claim for relief afforded by state law fails to describe a plausible claim under § 1983 because § 1983 provides a cause of action to citizens deprived of rights secured by federal law or the Constitution, not state law. D.L. v. United Sch. Dist. No. 497, 596 F.3d 768, 776 (10th Cir. 2010).

Second, plaintiff's claims for damages caused by unconstitutional misconduct or violations of federal law are barred under Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court held that damages for an allegedly unconstitutional conviction or unconstitutional imprisonment may not be recovered under § 1983 unless the conviction or sentence has been reversed on appeal, expunged, declared invalid by a state court or

undermined by a federal court in a habeas corpus action. Id. at 486-87. Plaintiff's convictions and sentence have not been invalidated or undermined, so plaintiff may not recover damages upon the claims of federal law violations or unconstitutional actions alleged here. Davis v. Kan. Dep't of Corrections, 507 F.3d 1246, 1249 (10th Cir. 2007).

Third, defendants Ballinger, Parker and the State of Kansas are immune from a claim of damages. Ballinger is protected by the doctrine of judicial immunity. Mireles v. Waco, 502 U.S. 9, 11-13 (1991). Parker is protected by the doctrine of prosecutorial immunity. Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994)(doctrine grants immunity against lawsuits for actions intimately associated with the judicial process). The State of Kansas has immunity under the Eleventh Amendment. Will v. Michigan Dept. of State Police, 491 U.S. 58, 70-71 (1989).

Fourth, as to any equitable claim for DNA testing, the court finds as follows. A federal due process claim for testing is not stated here under the holding in District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52 (2009)(denying § 1983 action for postconviction access to DNA for testing). Plaintiff's references to the Sixth Amendment and the Equal Protection Clause are conclusory and do not plausibly support a claim for DNA testing. Finally, the court shall refrain from exercising jurisdiction over any state law claim for DNA testing. Smith v.

5

City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

IV. Motion to proceed in forma pauperis

Plaintiff must pay the full $350.00 filing fee in this civil action. See 28 U.S.C. § 1915(b)(1)(prisoner bringing a civil action or appeal in forma pauperis is required to pay the full filing fee). If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under § 1915(b)(1) and by periodic payments from plaintiff's inmate trust fund account as authorized in § 1915(b)(2). Pursuant to § 1915(b)(1), the court is required to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the filing date of a civil action. Having considered the financial records provided to the court (Doc. No. 2-1), the court shall grant plaintiff in forma pauperis status and direct that plaintiff pay a partial fee of $117.00. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. Failure to submit the initial fee in the time allotted may result in dismissal of this action without

further notice. After payment of the initial partial filing fee, plaintiff shall be required to make monthly payments of 20% of the preceding month's income credited to the prisoner's account. The agency having custody of plaintiff shall forward payments from plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid.

V. Conclusion

Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) is granted. Plaintiff is directed to submit an initial partial filing fee of $117.00 to the Clerk of the Court by May 7, 2020. Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2). The court believes that the complaint fails to state a claim. The court shall direct that plaintiff by May 7, 2020 show cause why plaintiff's claims should not be dismissed as explained in this order. In the alternative, plaintiff may file an amended complaint by May 7, 2020 which corrects the deficiencies discussed herein. An amended complaint supersedes the original complaint and must contain all of the claims upon which plaintiff wishes to proceed. An amended complaint should not refer back to the original complaint.

**IT IS SO ORDERED.**

Dated this 7th day of April, 2020, at Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge