IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WALTER PAYTON,

        Plaintiff,

vs.                              Case No. 20-3092-SAC

RICHARD BALLINGER, et al.,

        Defendants.

**O R D E R**

The court issued a screening order on April 7, 2020 which directed plaintiff to pay a partial filing fee by May 7, 2020 and to show cause why his complaint should not be dismissed or, in the alternative, file an amended complaint. Doc. No. 3. Plaintiff was warned that the failure to pay a partial filing fee may lead to the dismissal of his case. Doc. No. 3, p. 6.

Plaintiff has not paid the partial filing fee or made any argument for being excused from the requirement. This supplies grounds to dismiss this action. See Bodison v. Boyd, 491 Fed.Appx. 916, 917-18 (10th Cir. 8/8/2012); Jones v. Swann, 2008 WL 2050963 *1 (D.Kan. 5/13/2008).

Plaintiff has filed an amended complaint. Doc. No. 4. The amended complaint adds new defendants but fails to correct the original complaint's deficiencies, as identified by the screening order, and fails to allege a plausible claim.

1

As the court stated in the screening order, this case arises from plaintiff's state court criminal prosecution and conviction for rape and statutory rape in 1998. Plaintiff's amended complaint raises federal claims under 42 U.S.C. § 1983 and state law claims.[1]

All of plaintiff's § 1983 claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994) because his conviction and sentence have not been invalidated. Holland v. County of Macomb, 2017 WL 3391653 *2 (6th Cir. 3/17/2017)(dismissing similar claims); Davis v. Kan. Dep't of Corrections, 507 F.3d 1246, 1249 (10th Cir. 2007). Other reasons for dismissing plaintiff's § 1983 claims follow.

Plaintiff does not allege facts showing that the judges he has sued (defendants Ballinger and Kennedy) are not immune from liability under Mireles v. Waco, 502 U.S. 9, 11-13 (1991). Nor does plaintiff assert grounds for denying the prosecutors he has sued (defendants Parker, Foulston and Bennett) immunity as described in Gagan v. Norton, 35 F.3d 1473, 1475 (10th Cir. 1994).[2] Also, plaintiff provides no grounds to avoid the bar against a due

---

[1] It does not appear that plaintiff is attempting to bring a habeas corpus action. Such relief is subject to limitations, particularly here where plaintiff has previously presented untimely successive applications for habeas relief without the necessary authorization. The court shall dismiss any request for habeas relief for the reasons explained in Payton v. Werholtz, 2013 WL 12134033 (D.Kan. 4/29/2013).

[2] Plaintiff also does not describe how defendants Foulston and Bennett personally participated in any violation of plaintiff's rights and therefore has failed to state a claim against them. See Mitchell v. Maynard, 80 F.3d 1433, 1441 (10th Cir. 1996). The same is true as for "ALL UNKNOWN/UNNAMED INDIVIDUALS, Co-conspirators with the Eighteenth Judicial District, in their official professional and nonprofessional individual capacities" as described by plaintiff at p.3 of the amended complaint.

process claim for DNA testing as set forth in <u>District Attorney's Office for Third Judicial Dist. v. Osborne</u>, 557 U.S. 52 (2009).

Plaintiff lists (without identifying by name) his former counsel as defendants. He does not list grounds for finding that they acted under color of state law as required for liability under § 1983. See <u>Ames v. Miller</u>, 247 Fed.Appx. 131, 134 (10th Cir. 2007)(private attorneys performing traditional legal functions as counsel do not act under color of state law); <u>Maddox v. Hoch</u>, 244 Fed.Appx. 878, 880 (10th Cir. 2007); <u>Hall v. Gilmer-Jones</u>, 17 Fed.Appx. 933, 934 (10th Cir. 2001)(dismissing similar claims on <u>Heck</u>, immunity, and lack of state action grounds). While plaintiff generally alleges a conspiracy, these are conclusory allegations which are insufficient to describe state action for purposes of § 1983. <u>Ames</u>, 247 Fed.Appx. at 134; <u>Hunt v. Bennett</u>, 17 F.3d 1263, 1268 (10th Cir. 1994).

Plaintiff's amended complaint lists "Monell Claims" under § 1983 against Sedgwick County or subordinate branches of the county or state government. Doc. No. 4, p. 4. In Kansas, subordinate governmental units such as the Eighteenth Judicial District, the Sedgwick County District Attorney's Office, and the Wichita Police Department do not have the capacity to sue or be sued. <u>Frank v. Bush</u>, 2010 WL 1408405 *6 (D.Kan. 4/2/2010) <u>aff'd</u>, 391 Fed.Appx. 745 (10th Cir. 2010). The Kansas Court of Appeals and the Kansas Supreme Court are arms of the State of Kansas and enjoy immunity

from suit under § 1983. Myers v. Supreme Court of State of Kan., 2006 WL 276399 *4 (D.Kan. 2/1/2006).

Finally, the court should refrain from considering any state law claims asserted by plaintiff since he has failed to allege a plausible federal law claim. Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998) ("When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims.").

In conclusion, the court directs that this case be dismissed because plaintiff has failed to pay the partial filing fee and because his complaint and amended complaint fail to state a plausible claim for relief.

**IT IS SO ORDERED.**

Dated this 12th day of May, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge